**SO ORDERED.**

**SIGNED this 01 day of November, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

GRAHAM & CURRIE WELL DRILLING         CASE NO. 11-04363-8-JRL
COMPANY, INC.,                                              CHAPTER 11

      DEBTOR.

---

### ORDER

This matter came before the court on the debtor's motion for confirmation of its chapter 11 plan. A hearing was held on October 20, 2011 in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 6, 2011. On September 6, 2011, the debtor filed its proposed chapter 11 plan and disclosure statement. Pursuant to the proposed plan, the debtor's principal will retain his equity interest in the debtor. The plan provides treatment for two classes of creditors; secured creditor claims make up class 1 and unsecured creditor claims make up class 2. Four Oaks Bank, the largest class 2 claimant, rejected the debtor's plan. The debtor's principal has proposed to pay $5,000.00 to retain his equity interest.

Section 1129(b) of the Bankruptcy Code allows the court to confirm a chapter 11 plan despite the fact that not all impaired classes have voted to accept the plan so long as the plan

does not discriminate unfairly and is fair and equitable with respect to each impaired class that has rejected the plan. 11 U.S.C. §1129(b)(1).  A plan is considered "fair and equitable" with respect to a class of unsecured claims where (1) the plan provides that each holder of a claim in the class receives or retains property of value equal to the amount of such claim; or (2) the holder of any claim or interest that is junior to claims of the class will not receive or retain any interest or property on their junior claims under the plan. 11 U.S.C. §§1129(b)(2)(B)(i)&(ii).  The latter provision is also known as the absolute priority rule. See Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 115 (1939); see also Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 202 (1988) ("the absolute priority rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property [under a reorganization] plan." (internal quotations omitted)).  "The Code does not allow confirmation of a plan over the objection of an unsecured class where the plan affords equity security holders of a debtor a special right to retain or acquire an equity interest in the reorganized debtor through a cash contribution."  In re Lumber Exchange Ltd. Partnership, 125 B.R. 1000, 1008 (Bankr. Minn. 1991).

      Here, Four Oaks Bank, the largest general unsecured creditor, has rejected the plan. Because of the size of the claim, this ballot means that the unsecured class has rejected its treatment.  The plan does not propose providing the unsecured class with the full amount of their allowed claims. Therefore, the court must assess whether the plan can be confirmed over Four Oaks Bank's rejecting vote pursuant to §1129(b)(2)(B)(ii).  The plan allows the debtor's principal to retain 100% ownership interest unimpaired.  The court cannot find that the principal's payment of $5,000.00 is sufficient for the principal retaining his equity interest in the debtor because the appropriate value must be determined by the market.  Given the retention of

the principal's ownership interest, the court cannot confirm the plan as written because it does not conform with the requirements of §1129(b).

The court finds that the debtor's plan satisfies all the requirements under § 1129 except the absolute priority rule. Based on non-compliance with §1129(b)(2)(B)(ii) as it relates to the class of unsecured creditors the court **DENIES** the motion for confirmation. The debtor may file an amended plan to meet the requirements of §1129. The amended plan may read that at the original confirmation hearing the unsecured class rejected its treatment under the plan, and to satisfy the absolute priority rule the principal of the debtor has offered $5,000.00 to retain his equity interest. The debtor may then re-notice the creditors of the debtor with the amended plan, and require anyone desiring to pay more than $5,000.00 for the equity interest to notify the court in writing at least five days before the hearing on confirmation of the amended chapter 11 plan. If there is no response, the court will find that $5,000.00 is sufficient for the principal to retain his equity interest. If there is a response, the equity interest will be sold at the confirmation hearing.

**END OF DOCUMENT**